UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MATTHEW STANFORD, | ) |
| Plaintiff, | ) Civil No. 12-93-ART |
| and | ) |
| KENTUCKY ASSOCIATION OF COUNTIES WORKERS' COMPENSATION FUND, | ) |
| Intervenor Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) **MINUTE ENTRY ORDER** |
| Defendant and Intervenor Defendant. | ) |
| UNITED STATES OF AMERICA, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| UNITED STATES ARMY CADET CORPS, INC., et al., | ) |
| Third-Party Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On Thursday, August 28, 2014, at 1:45 p.m., the Court held a telephone conference to discuss resolving the jurisdictional questions in this case. *See* R. 203. Christopher P. Evensen, William J. Driscoll, and Joshua Erik Abell represented plaintiff Matthew Stanford.

Anna R. Gwinn and Callie R. Owen represented the United States.  Scott M.B. Brown and Tighe Alexander Estes represented Kentucky Association of Counties Workers' Compensation Fund ("KACo").

On July 28, 2014, the Court held a hearing to resolve these jurisdictional questions. *Id.* However, neither party disclosed its witness list in advance of the hearing, as Rule 26 requires.  *See* Fed. R. Civ. P. 26(a)(1).  Given the Rule 26 violations, the parties were "not allowed to use [the undisclosed] information or witness[es] to supply evidence . . . at a hearing . . . *unless the failure was . . . harmless*."  *See id.* at 37(c)(1).  In order to render the failures harmless, the Court permitted both parties to reserve the right to cross-examine the opposing party's witnesses, review the hearing transcript, and then decide whether they would like to recall the witnesses for cross examination.  R. 203.  The Court required the parties to file a notification with the Court, detailing which opposing witnesses they would like to cross examine and the anticipated extent of the questioning.  *Id*.

Instead of merely supplying the required information, however, Stanford and KACo both filed motions requesting the opportunity to depose Colonel Stephen King and Lieutenant Colonel William McDaniel outside the presence of the Court before reconvening the hearing. R. 209 (KACo's motion); R. 210 (Stanford's motion).  As grounds for his motion, Stanford says that "the issues currently being explored were not known to be key prior to the discovery deadline."  R. 210 at 2.  KACo offers little more in the way of justification, simply stating that it "intends" to conduct the depositions.  R. 209 at 2.  During the telephone conference, the United States objected to the motions on three grounds:  First, the movants provided no legal or factual justification for their requests to conduct additional discovery in the midst of the jurisdictional hearing.  Second, the motions essentially asked to reopen discovery but without

satisfying the requirements for such a request as outlined in the Court's previous order. *See* R. 71. And third, the additional discovery would inappropriately delay this action and expand the matters at issue. Counsel for Stanford argued that he was previously unaware of the key role some of these witnesses played in this case, though he could not point to a specific failure of the United States to appropriately respond to interrogatories or to any other discovery request during the discovery period.

The Court will deny the motions. *See* R. 209; R. 210. Neither movant demonstrated that the United States avoided providing notice of these witnesses in response to a proper discovery request. The United States flagged these issues early in the litigation, and the issues have remained in question throughout multiple opinions by the Court. The discovery window closed on January 6, 2014, and the movants did not comply with the prescribed procedures for requesting an extension. *See* R. 71. Such an extension, at this stage, would unduly delay the litigation.

Nevertheless, the movants are entitled to cross examine the witnesses who testified at the July 28, 2014, hearing, and the Court will provide them sufficient leeway to cover the relevant issues. *See* R. 203. Accordingly, the Court will schedule another hearing for September 10, 2014, at 10:00 a.m. at the United States District Courthouse in Covington, Kentucky. If the witnesses cannot be made available at that time, they shall be made available in-person depositions, to conclude no later than September 30, 2014. In that event, the parties shall limit their deposition of Colonel King to his testimony at the hearing on July 28, 2014, R. 208, and shall limit their deposition of Lieutenant Colonel McDaniel to the contents of his declaration, R. 205-2.

The Court will also deny without prejudice the United States' Motion to Dismiss,

R. 166, in order to allow new briefing in light of the testimony presented at the jurisdictional hearings. The United States has until September 24, 2014, to refile its motion. The response deadline is October 10, 2014, and the reply deadline is October 17, 2014. All parties shall make specific citations to any relevant testimony in the hearing transcripts.

Accordingly, and for the reasons stated on the record, it is **ORDERED** as follows:

(1) KACo's and Stanford's motions to extend discovery, R. 209; R. 210, are **DENIED**.

(2) A hearing is **SCHEDULED** for **Wednesday, September 10, 2014**, at **10:00 a.m.** at the United States District Courthouse in **Covington**, Kentucky. If the witnesses cannot be made available at that time, the parties **SHALL** notify the Court in writing and conduct depositions consistent with this order.

(3) The United States' Motion to Dismiss, R. 166, is **DENIED WITHOUT PREJUDICE**. The United States may refile the motion on or before **Wednesday, September 24, 2014**. Stanford and KACO **SHALL** respond by **Friday, October 10, 2014**. The United States may reply by **Friday, October 17, 2014**.

This the 28th day of August, 2014.



Signed By:
*Amul R. Thapar*
United States District Judge

TIC: 18 minutes; Lexington.