UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MATTHEW STANFORD, </br></br>  Plaintiff, </br></br> AND </br></br> KENTUCKY ASSOCIATION OF COUNTIES WORKERS' COMPENSATION FUND, </br>  Intervenor Plaintiff, </br></br> v. </br></br> UNITED STATES OF AMERICA, </br></br>  Defendant and Intervenor Defendant. | Civil No. 12-93-ART |
| UNITED STATES OF AMERICA, </br></br>  Third-Party Plaintiff, </br></br> v. </br></br> UNITED STATES ARMY CADET CORPS, INC., et al., </br></br>  Third-Party Defendants. | **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

The United States of America has tremendous power over its citizens. It can prosecute them for criminal activities and sue them civilly. Because the United States has such great power, it also has great responsibility. In the civil context, that responsibility requires the United States to exercise care and discretion before wielding the power of the

federal government against its citizens. Why? Because litigation is costly, unpleasant, stressful, and hangs over one's head while it is ongoing.

As a first matter, every party, including the United States, must follow the rules. Federal Rule of Civil Procedure 11 requires that attorneys make a reasonable inquiry into the facts and law before filing something in court. Fed. R. Civ. P. 11(b). For young lawyers, the ABA provides this helpful guidance: "Rule 11 requires an attorney to 'stop, think, and investigate' before filing a paper with the court. This requires an attorney to make an objectively reasonable inquiry into the facts and law prior to filing and not to pursue and action that is not objectively reasonable based on the facts." Melissa L. Stuart, *A Young Lawyer's Guide to Rule 11 Sanctions*, American Bar Association Trial Practice (June 20, 2012)[1]; *see also Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 336 (6th Cir. 1988) (failure of a plaintiff to evaluate his pleadings and modify them, as necessary, to conform to Rule 11 "permits the district court, within its discretion, to impose sanctions against [the plaintiff] when a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law."); *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) ("As amended, the rule stresses the need for some pre-trial inquiry into both the facts and the law to satisfy the affirmative duty imposed." (internal quotations omitted)); *Holgate v. Baldwin,* 425 F.3d 671, 675–77 (9th Cir. 2005) (an attorney must conduct an objectively reasonable inquiry into the facts and law to make sure the complaint is well-founded); *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 470 (7th Cir. 2005) (Rule 11 requires counsel to read and consider relevant

---

[1] *Available at*: https://apps.americanbar.org/litigation/committees/trialpractice/articles/spring2012-young-lawyers-guide-rule11-sanctions.html (last visited Dec. 23, 2015).

court documents before litigating); *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) ("Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing." (internal citations omitted)).

Rule 11, however, should not be the only standard by which the United States measures itself. After all, the "United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all." *Berger v. United States*, 295 U.S. 78, 88 (1935). And, as Thomas Jefferson once noted, "The most sacred of the duties of government [is] to do equal and impartial justice to all citizens."

Here, there is some question as to whether the United States fulfilled these responsibilities. This case was born in tragedy. On July 23, 2009, Matthew Stranford rode a zip line at the Harold L. Disney Training Center, a National Guard training ground in Artemus, Kentucky. Tragically, he fell and suffered serious injury. When he sued the United States, the United States sued many others including Jimmy Macon. *See* R. 23 (third-party complaint). As grounds, the government alleged that Mr. Macon visited the Disney Training Center and learned that the zip line was off-limits. *Id.* ¶ 36–37. According to the government, Mr. Macon then failed to communicate (to whom, the complaint does not specify) that this obstacle was off limits. *Id.* ¶ 38. But Mr. Macon only volunteered for the United States Army Cadet Corps ("USACC"); he did not work for them. And he did not attend the training trip—on July 21–23, 2009—during which plaintiff Matthew Stanford was injured. In fact, Mr. Macon was not aware of that trip at all. It is unclear to the Court how,

as a USACC volunteer who was neither present on nor aware of the trip in question, Mr. Macon owed a duty to warn anyone on that trip about a zip line.

When asked during trial why it sued Mr. Macon, the government stated that it sued everyone affiliated with USACC that Stanford sued in his 2010 state-court complaint. This alone is problematic. *See Greenfield v. United States Healthcare*, 146 F.R.D. 118 (E.D. Pa. 1993) (sanctioning attorneys who relied upon another law firm's investigation without any independent inquiry), *aff'd sub nom. Garr v. United States Healthcare*, 22 F.3d 1274 (3d Cir. 1994). Even more troubling, the government was aware that Stanford filed this suit in a rush to beat the statute of limitations. R. 129 at 3 (Government's Response to Stanford's Motion to Strike Macon's Affidavit). And the government knew that Stanford filed suit when "very few details were known about Stanford's accident." *Id.* Yet it appears that the government did little to no investigation of its own to determine if Stanford (or the government itself) had a good-faith basis to sue Mr. Macon.

The Court wishes this was the end, but it is not. On August 16, 2010, Mr. Macon filed a letter in the state-court case stating that he was not present on the training trip and that he was only a volunteer—not an employee of USACC. R. 108-12. Yet the government still sued Mr. Macon as a third-party defendant on October 18, 2012, more than two years after his letter was filed in state court. R. 23. The government was seemingly aware of this letter and its contents—indeed, the government filed a copy of that letter in support of its motion to dismiss on July 22, 2013. R. 108-12. In this motion, the government indicated that Mr. Macon was present at a training trip on July 7–9, 2009, but does not state that he was present during the trip on July 21–23. *See* 108-1 at 4.

But wait, it gets worse. On August 23, 2013, the government obtained and filed a signed declaration wherein Mr. Macon states that he was "nowhere near the area, nor had anything to do with this incident." R. 129-4 at 2. Presumably, the government would obtain a signed declaration and file it in Court only if the government believed that the declaration was true, *i.e.*, it believed that Mr. Macon "had [nothing] to do with this incident." Nevertheless, the government did not move to dismiss Mr. Macon from this case until November 3, 2015, more than two years after it filed a copy of Mr. Macon's letter and subsequent declaration in the record. R. 293. *Cf. Merrit*, 613 F.3d at 627 ("Rule 11 imposes a continual obligation on attorneys to refrain from pursing meritless or frivolous claims at any stage of the proceedings." (internal quotations omitted)); *Runfola & Assocs. Inc. v. Spectrum Reporting*, 88 F.3d 368, 373 (6th Cir. 1996) (affirming Rule 11 sanctions against counsel who failed to dismiss the action after becoming aware of their inability to assert any evidence in support of their claims); *see also Int'l Union v. Aguirre,* 410 F.3d 297, 304 (6th Cir. 2005) (affirming sanction imposed under pre-1993 Rule 11 for pursuing claim after discovery had revealed that it was factually meritless, despite fact that plaintiff had withstood a motion to dismiss); *Ideal Instrs., Inc. v. Rivard Instrs., Inc.*, 243 F.R.D. 322, 342 (N.D. Iowa 2007) (duty of a party to assess the evidentiary viability of a claim under Rule 11 is not measured solely at the time the claim was valid, but is a continuing one); *Gambello v. Time Warner Comms., Inc.*, 186 F. Supp. 2d 209, 229 (S.D.N.Y. 2002) (sanctions appropriate where a defendant persisted in an argument that was flatly contradicted by plaintiff's deposition testimony).

Needless to say, the Court is concerned about the government's behavior. But, in fairness to the government, the Court will give it a chance to more fully explain its actions.

Accordingly, it is **ORDERED** that:

(1)   By **Friday, January 15, 2016**, the government shall respond to this order with its factual and legal basis for suing Mr. Macon.

(2)   The Clerk of Court shall serve this order on Mr. Macon at his address in Hopkinsville, Kentucky.

This the 28th day of December, 2015.

Signed By:
*Amul R. Thapar* AT
United States District Judge